UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | CRIMINAL CASE NUMBER: |
| v. | : | |
| | : | 3:14-cr-55 (VLB) |
| OSCAR VALENTIN, et al., | : | |
| *Defendants*. | : | March 25, 2016 |

### MEMORANDUM OF DECISION

Pagan moves to preclude the Government from calling four expert witnesses not disclosed as required by Federal Rule of Criminal Procedure 16(a)(1)(G).  ECF No. 132.  Pagan first argues that the Government failed to comply with Rule 16 because it provided "the general topics about which the expert will testify," not a description of "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."[1]  *Id.* at 3–4.  Pagan asserts that this error should result in exclusion because, in light of the pending trial date, "the defense has no meaningful ability to prepare for cross examinations of these witnesses and cannot even offer a challenge to the propriety of the testimony in the first place."  *Id.* at 5.  Pagan also argues that two of the experts would be inappropriate because an investigator may not serve as

---

[1] Pagan also argues that the failure to disclose this information constitutes a Confrontation Clause violation.  ECF No. 132 at 3.  This is incorrect.  *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) ("If we were to accept this broad interpretation of *Davis*, the effect would be to transform the Confrontation Clause into a constitutionally compelled rule of pretrial discovery . . . . The opinions of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination.").

an expert when his knowledge was based on his personal experience with the case. *Id.* at 6–7.

The Government opposes on the following grounds. ECF No. 149. Three out of the four experts will not be offered as experts and were merely listed as such out of an abundance of caution. *Id.* at 2 n.2, 10 n.3. As to the fourth expert witness, Walczynk, he should not be excluded under Rule 16(a)(1)(G) because the Government timely disclosed all that was required of it in its April 2014 discovery letter, January 2015 joint trial memorandum, February 2015 discovery letter, and subsequent March 2016 discovery letter. *Id.* at 7–10. Walczynk should not be excluded based on his personal involvement with this case because he was not involved in the underlying investigation. *Id.* at 10–11.

As to the first three witnesses, the Government states that they will not be offered as experts and will only be testifying about their personal knowledge of the telephones at issue. ECF No. 149 at 2 n.2, 10 n.3. Rule 16(a)(G) applies only to experts as contemplated by the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(G) ("At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."). The Court thus DENIES the motion with respect to these three witnesses, but their testimony should be limited to lay testimony, i.e., "not [opinions] based on scientific, technical, or other specialized knowledge within the scope of Rule 702." F.R.E. 701(c).

As to Walczynk, the Government's Rule 16(a)(1)(G) disclosure raises four questions: (1) whether the Government's April 2014 and February 2015 discovery letters and January 2015 joint trial memorandum were adequate; (2) whether the March 11, 2016 disclosure should be considered when jury selection is scheduled for March 31, 2016—twenty days later; (3) whether the March 11, 2016 discovery substantively satisfies Rule 16(a)(1)(G); and (4) whether exclusion is the appropriate remedy.  These issues are addressed in turn, and the Court ORDERS the Government to disclose Walczynk's opinions.

The first issue is whether the Government's April 2014 and February 2015 discovery letters and January 2015 joint trial memorandum were adequate. They were not.  A discovery letter is adequate if it "describe[s] the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. Crim. P. 16(a)(G).  The Government identified Walcynk and the disclosed the general topics of his testimony, but the Government did not meet any of the requirements identified in Rule 16(a)(1)(G).  *See United States v. Ferguson*, 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) ("Merely identifying the general topics about which the expert will testify is insufficient.").

The second issue is whether the March 11, 2016 disclosure should be considered when jury selection is scheduled for March 31, 2016—twenty days later.  It should.  "The Rule is silent as to the timing of discovery, and courts have upheld disclosure even at relatively late stages of the proceedings leading up to trial, as long as there was no significant prejudice to the other party."  *Moore's Federal Practice* §25-616 (citing, *inter alia*, *United States v. White*, 582 F.3d 787,

804–805 (7th Cir. 2009) (when defendant had opportunity to examine prosecution's expert for <u>more than an hour</u> before trial, vigorously cross-examined expert, and chose not to call his own expert in rebuttal, any violation of Rule 16(a)(1)(G) caused no harm); *United States v. Mendoza-Paz*, 286 F.3d 1104, 1111–1112 (9th Cir. 2002) (in absence of prejudice to defendant, disclosure of government experts <u>12 days and 4 days before trial</u> did not violate Rule 16)). The Government also cites *United States v. Russo*, 483 F.Supp.2d 301, 310 (S.D.N.Y. 2007), in which that court permitted disclosure <u>15 days in advance</u> of trial where, as here, the testimony did not concern complex scientific matters. Pagan does not raise any argument concerning timeliness by way of reply; he had no opportunity to raise the issue in his motion because the Government disclosed this information *after* the motion was filed. But in light of the authority cited, the disclosure is not untimely.

The third issue is whether the March 11, 2016 discovery substantively satisfies Rule 16(a)(1)(G). It does not. The March 2016 letter is more detailed than the previous disclosures because it identifies Walczynk's qualifications in detail. Those qualifications are also sufficient for explaining the basis of his opinion. *See United States v. Lipscomb*, 539 F.3d 32, 38 (1st Cir. 2008) (ruling that "training and experience" was sufficient disclosure). The problem, however, is that the letter does not identify the substance of his opinions. The second paragraph of the letter is relevant:

> Special Agent Walczyk will testify concerning the packaging, pricing, and terminologies associated with street-level distribution of cocaine and other narcotics. These terminologies include slang terms for cocaine itself, along with common terms used in connection with

>distribution-quantities of cocaine, including one-eighth ounce, half-ounce, and ounce quantities. Special Agent Walczyk will also testify about the prices of powder cocaine in Connecticut in and around the 2012 timeframe, including both wholesale prices and retail prices.

ECF No. 149 at 3–4.  This is not sufficient: "Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions."  *Ferguson*, 2007 WL 4539646, at *1 (citing *United States v. Duvall,* 272 F.3d 825, 828 (7th Cir.2001)).

The issue, however, is close.  The most relevant cases come from the Seventh Circuit.  In *United States v. Jackson*, 51 F.3d 646, 650 (7th Cir. 1995), the Seventh Circuit considered the following disclosure "barely" sufficient:

>[The officers] may testify at trial concerning the use of beepers, firearms, walkie-talkies, and Western Union wire transfers in connection with the sale of narcotics. In addition, each of these officers may testify that narcotics traffickers often secure locations such as houses or apartments to serve as a base for dealing narcotics. Each of these police officers will base their testimony on their years of training and experience in the area of drug investigations.

*Id.*  In a later case, the Seventh Circuit distinguished the disclosure in *Jackson* from the following disclosure:

>[The Officer] will identify code language, the manner in which methamphetamine is distributed, tools of the trade in the distribution of methamphetamine, street prices of methamphetamine and the manner in which "cut" is added to methamphetamine to increase the amount of profit in the methamphetamine business. [The officer] will also testify concerning amounts of methamphetamine an individual might have for distribution, as opposed to personal use.

*Duvall*, 272 F.3d at 828.  The *Duvall* court distinguished *Jackson* on the basis that the Government "at least identified the expert's actual opinion (that narcotics traffickers often secure locations such as houses or apartments to serve as a

base for dealing narcotics)." *Id.* The disclosure here more closely resembles *Duvall* because there is *no stated conclusion*.

The fourth issue is whether exclusion is the appropriate remedy. It is not. With respect to the remedy, "the same sanctions are available as for any other discovery violation, including exclusion of the witness and reversal of the conviction in egregious cases." *Moore's Federal Practice* § 25-616 (citing cases outside this Circuit); *cf. United States v. Mahaffy*, 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) ("It is well-settled that a court may in its discretion preclude expert examination pursuant to Rule 16(d)(2)(C) of the Federal Rules of Criminal Procedure regarding any topics or opinions not properly disclosed."). First, Pagan does not articulate concrete prejudice; he merely asserts that it would be unfair because he has no idea how to cross-examine this witness. Second, the evidence does not concern highly scientific or technical knowledge; it concerns drug slang, packaging of drugs, items commonly associated with drugs, and the price of drugs. Lawyers who practice criminal defense in federal court are presumably be well-versed in these subjects and should be able to sufficiently cross-examine without extensive advance preparation. Third, there is still time for remedying this error. The Court therefore ORDERS the Government to disclose the information on or before March 29, 2016—thereby GRANTING in part and DENYING in part the motion to preclude.

Pagan also raises a second challenge as to Walczyk: an investigator may not serve as an expert when his knowledge was based on the overall knowledge

of the case. ECF No. 132 at 6–7. The Government has indicated that this witness was not involved in investigating this case:

> Walczyk was not minimized during the wiretap investigation, did not monitor the Title III intercepts, and did not conduct surveillance. In addition, Special Agent Walczyk did not participate in the homicide investigation—he did not interview any witnesses, was not provided any grand jury materials, and has not participated in any strategic or investigative meetings and sessions.

ECF No. 149 at 9–10. Based on the record before it, the Court cannot conclude that this testimony will raise Confrontation Clause concerns. If the testimony ends up doing so, Defendants will be able to object at trial. The Court therefore DENIES the motion without prejudice.

IT IS SO ORDERED.

                                                           /s/
                                         Vanessa L. Bryant
                                         United States District Judge

Dated at Hartford, Connecticut: March 25, 2016