UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | CRIMINAL CASE NUMBER: |
| v. | : | |
| | : | 3:14-cr-55 (VLB) |
| OSCAR VALENTIN, et al., | : | |
| *Defendants*. | : | March 25, 2016 |

## MEMORANDUM OF DECISION

On October 7, 2014, Pagan filed a pro se motion, alleging that: (1) the Government had not provided all the discovery evidence; (2) defense counsel told Pagan that he would not be released on bail unless he had a million dollars and a castle; and (3) Pagan wants an earlier trial date because the current date violates his speedy trial rights. ECF No. 37. The motion uses the word "sever," but Pagan raises no arguments concerning severance. *Id.*

As an initial matter, individual defendants, even in criminal cases, may not file pro se motions when they are represented by counsel. *Mitchell v. Senkowski*, 489 F.Supp.2d 147, 149 (N.D.N.Y. 2006) (citing cases). The requests also lack an arguable basis in law or fact. As to discovery, Pagan does not identify the missing discovery, and the Government does not have a generalized obligation to disclose everything in its possession. *See* Fed. R. Crim. P. 16 (addressing discovery and inspection in criminal cases). As to bail, Pagan conceded detention, and Magistrate Judge Martinez granted the Government's motion for detention. ECF Nos. 12 (Mot.); 14 (Min. Entry). Pagan has not subsequently contested detention for which there is a rebuttable presumption in cases where,

as here, "there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. §§ 3142(e)(3)(A), (f)(1)(C).  Pagan's motion provides no reason to suggest that detention was improper or that any motion for reconsideration would have any likelihood of success in light of the rebuttable presumption.  As to speedy trial, Pagan has submitted a speedy trial waiver encompassing the period challenged.  ECF Nos. 104 (waiving "any period of delay in my case from the date hereof through October 13, 2015").  As to severance, Pagan makes no arguments as to why the case should be severed and is entirely conclusory.  The Court thus DENIES Pagan's pro se motion for miscellaneous relief.

IT IS SO ORDERED.

                                                  /s/
                                     Vanessa L. Bryant
                                     United States District Judge

Dated at Hartford, Connecticut: March 25, 2016