UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, : | |
| : | CRIMINAL CASE NUMBER: |
| v. : | |
| : | 3:14-cr-55 (VLB) |
| OSCAR VALENTIN, et al., : | |
| *Defendants*. : | March 25, 2016 |

### MEMORANDUM OF DECISION

Nestor Pagan moves to preclude the Government from introducing two 9-1-1 calls made on September 12, 2012, arguing as follows. ECF No. 136. The calls should be excluded under Federal Rule of Evidence 403 because the minor probative value of the calls is substantially outweighed by their cumulativeness and undue prejudice. *Id.* at 3–5. The calls have little probative value because the individuals committing the assault have already pleaded guilty and provided their accounts, and the Government does not allege that Defendants actually participated in the assault. *Id.* at 4. The calls are cumulative because the Government will call twelve witnesses who will testify to specifics. *Id.* at 4–5. The second call is unfairly prejudicial because the caller is hysterical and provides few relevant details. *Id.* at 5.

The Government opposes on the following grounds. ECF No. 151. The calls are relevant because they corroborate eyewitness accounts of what happened during the assault, corroborate testimony that Reyes died as a result, and help establish a timeline. *Id.* at 5–6. As to the cumulative effect, "given the significant burden of proof faced by the Government, the Government must be allowed to present all relevant evidence." *Id.* at 6. The calls are not unduly

1

prejudicial because a person making a 9-1-1 call would reasonably behave in excited manner. *Id.* at 7.

These two calls are undoubtedly relevant. The only question is whether they should be excluded under Federal Rule of Evidence 403. Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court therefore must weigh the degree of relevance against cumulativeness and undue prejudice.

As to the degree of relevance, the callers provide little information. The first caller identifies the location and states that someone was stabbed, that the victim was in critical condition, and the victim was inside the house. The first caller provides no other details because he did not witness the assault. The second caller provides even less information: through her hysterical screams, the Court learns only that someone was stabbed and where it occurred. As to the details surrounding the assault and the fact that death occurred, the calls thus offer little. This is particularly true given that the other evidence will presumably provide a much more detailed account. The Court, however, agrees that this evidence is highly probative of the timeline because the calls document time and a live witness's recollection of time is less reliable on this point.

The probative nature of the calls, however, is substantially outweighed by their cumulativeness and prejudicial nature. As to the circumstances surrounding the assault and the issue of death, the Government concedes that

the evidence merely corroborates a significant amount of other evidence, and it does not appear that the 9-1-1 calls add anything other than a stabbing occurred at a specific location.  With respect to the timeline, the Government does not assert that there is a dispute about the timeline or that there will be no other direct (or insufficient) evidence on this point.  If the calls are essential to establish a timeline, the Government can introduce the fact that calls were made without introducing the content of the calls for the truth of the matter asserted.  Further, the Government offers no support for its assertion that it should be entitled to admit all evidence no matter how cumulative in a criminal case.  In effect, the Government asks the Court to disregard Rule 403 in criminal trials, and the Court will not do so.  The second call is also unfairly prejudicial: the prejudice results from the caller's hysterical nature, which goes above and beyond even what one would expect even given the undeniably serious circumstances.  The contrast between the first and second caller is instructive: a person can report a traumatic event and do so without resorting to unduly prejudicial hysterics.  The Court therefore GRANTS the motion.

IT IS SO ORDERED.

                                                            /s/
                                      **Vanessa L. Bryant**
                                      **United States District Judge**

**Dated at Hartford, Connecticut: March 25, 2016**