UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, : | |
|     v.  : | CRIMINAL CASE NUMBER: |
| : | 3:14-cr-55 (VLB) |
| OSCAR VALENTIN, et al., : | |
|     *Defendants*. : | March 30, 2016 |

## MEMORANDUM OF DECISION DENYING MOTION TO DISMISS

Nestor Pagan moves to dismiss the indictment, arguing that the 18-month delay between the commission of the crimes and the indictment violated his due process rights.  ECF No. 160.  He specifically argues that the delay prevented him from accessing the following "critical" evidence: (1) video surveillance that would have contradicted a Government witness's testimony that Pagan was at the Huntington Street apartment complex on September 11, 2012; and (2) phone records "that would provide powerful evidence of possible fabrication of stories on the part of these witnesses."  ECF No. 160-1 at 7–8.  Pagan also argues that the Government was likely aware, or acted with reckless disregard to, the fact that this evidence would be destroyed as a result of the pre-indictment delay.  *Id.* at 8–9.  For the following reasons, the Court DENIES the motion to dismiss.

"[T]he statute of limitations does not fully define [a defendant's] rights with respect to the events occurring prior to indictment." *United States v. Marion*, 404 U.S. 307, 324 (1971). A due process violation based on pre-indictment delay occurs when: (1) a defendant suffers prejudice to his ability to present his defense; and (2) "was so unfair as to violate fundamental concepts of fair play and decency, such as would occur if the prosecutor deliberately used the delay to

1

achieve a substantial tactical advantage." *United States v. Scarpa*, 913 F.2d 993, 1014 (2d Cir. 1990) (quoting *United States v. Rubin,* 609 F.2d 51, 66 (2d Cir. 1979), *aff'd,* 449 U.S. 424 (1981)). A defendant "bears the heavy burden" of proving both prejudice and unfair delay. *Id.* As to prejudice, the defendant must offer "definitive proof" that the loss was prejudicial to him. *United States v. Birney*, 686 F.2d 102, 105–06 (2d Cir. 1982). As to unfair delay, the Second Circuit has not squarely addressed the question, *United States v. Santiago*, 987 F.Supp.2d 465, 491 (S.D.N.Y. 2013), but district courts in this Circuit have ruled that a defendant satisfies his burden by proving that the Government acted intentionally or recklessly, *see, e.g.*, *Schurman v. Leonardo*, 768 F.Supp. 993, 998 (S.D.N.Y. 1991). For the sole purpose of this decision, the Court adopts the recklessness standard.

Pagan fails to demonstrate both prejudice and unfair delay. As to prejudice, he first argues that the delay prevented him from obtaining video surveillance that would have contradicted a Government witness's testimony that Pagan was at the Huntington Street apartment complex on September 11, 2012. ECF No. 160-1 at 7. This argument fails for a number of reasons. First, Pagan provides nothing other than his unsupported assertion that the missing video would have contradicted the witness's testimony. Without evidence suggesting that Pagan was not present at the apartment on that date, the Court has no obligation to inquire further into this unsupported assertion by way of an evidentiary hearing. *Cf. United States v. Defede*, 7 F.Supp.2d 390, 394 (S.D.N.Y. 1998) ("[A] criminal defendant is not entitled to an evidentiary hearing on a

2

motion to suppress evidence absent the submission of an affidavit based on personal knowledge setting forth facts necessary to make out a *prima facie* case that the evidence was obtained in violation of the defendant's rights."). In other words, because Pagan must ultimately offer "definitive proof" that the video contained exculpatory evidence, *see Birney*, 686 F.2d at 105–06, he is not entitled to an evidentiary hearing unless he can offer at least a scintilla of evidence in support of his assertion that definitive proof exists. Moreover, even assuming that the video proved that Pagan was not at the apartment the day before the crime, the evidence would have been helpful in rebutting the Government's theory of the case, not exculpatory: Pagan could have still committed the crimes charged without staking out the apartment the day before the assault that he was alleged to have ordered. *See United States v. Dudden*, 65 F.3d 1461, 1466 (9th Cir. 1995) ("[Defendant] does not show how these or the other records *would* have been exculpatory. . . . The failure to deposit cash payments, however, would not necessarily prove that payments were not made.").

Pagan's second equivocal assertion of prejudice is even less convincing. He asserts a denial of his right to confrontation by stating only that "[b]ased on the records that currently exist, it is highly likely that these records would provide powerful evidence of possible fabrication of stories on the part of these witnesses." ECF No. 160-1 at 8. This argument fails because it is factually unsupported. In the absence of any factual support, the Court has no idea what Pagan believes the phone records contain, how they could conceivably contradict witness statements, and how those contradictions could conceivably

3

demonstrate that Pagan did not commit the crimes charged. Without knowing any of this information, the Court can only conclude that further inquiry into this suggestion of prejudice would be fruitless.

Pagan also fails to demonstrate either intentional or reckless conduct on the part of the Government. He asserts that "the government selectively preserved portions of this evidence that it deemed favorable to its case." *Id.* at 8. This assertion says nothing about the Government's *mens rea* vis-à-vis delay. To demonstrate unfair delay, Pagan would need to demonstrate that the Government should have known that exculpatory evidence would be destroyed. But Pagan provides no evidence suggesting that the Government should have known that the evidence would be destroyed and should have known that the destroyed evidence was exculpatory. As the Court explained in an earlier order:

> [T]he Government has provided an affidavit from the investigating officer averring that he downloaded only the information necessary to the investigation based on the other evidence already known to police and no one from the police department instructed the apartment complex to delete the remainder of the video. The Government also provided an affidavit from the manager of the apartment complex averring that there was no policy concerning the preservation of its surveillance videos. The Government thus did not act in bad faith because it did not order the destruction of evidence or fail to act knowing that *relevant* evidence would be destroyed. The Government preserved the evidence it reasonably concluded would be relevant based on the facts already known, and Pagan provides no reason to suggest otherwise.

ECF No. 166 at 4–5 (internal citations omitted). Pagan's one-sentence assertion that the Government selected evidence that it found useful is consistent with the Government's statement that it preserved video which was necessary to the investigation. There are no facts before the Court suggesting that the

**Government's intentional or reckless delay in seeking an indictment resulted in the failure to preserve exculpatory or otherwise beneficial evidence. Pagan's unsupported assertion does not alter the Court's prior conclusion that the Government's conduct is entirely appropriate.**

**The Government simply has no obligation to gather evidence that it reasonably believes to be irrelevant and has no obligation to seek a premature indictment to avoid the potential loss of information that may eventually prove helpful based on unforeseen events. Indeed, imposing such a burden would be prohibitively expensive and would offer little to no benefit to the wrongfully accused who risk being deprived of their liberty.** *Cf. Mathews v. Eldridge*, **424 U.S. 319, 334–35 (1976) ("[O]ur prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."). Applying those factors to the facts here, including the absence of any evidence that material not preserved would have been useful to Pagan, the Court rules that Pagan was not deprived of his due process right of confrontation because the Government did not preserve surveillance video and telephone records useless to its investigation.**

For the foregoing reasons, the Court DENIES Pagan's motion to dismiss based on pre-indictment delay.

IT IS SO ORDERED.

                                                     /s/
                                      Vanessa L. Bryant
                                      United States District Judge

Dated at Hartford, Connecticut: March 30, 2016